Brown, J.
(dissenting)
¶ 109 — Trial judges in third party custody cases, like this one concerning A.L.D., resolve agonizing competing facts after trial and apply the relevant law to the facts found. Trial judges exclusively decide close, difficult questions of evidence weight and witness credibility because they see the evidence presented and see the witnesses testify. Trial judges should not be lectured on moral imperatives and need not be reminded of how excruciating this process is when acting under law as impartial, secular decision-makers.
¶110 Appellate judges on review do not determine who should have custody. We do not decide anew evidence weight and witness credibility. In re Welfare of Sego, 82 Wn.2d 736, 739-40, 513 P.2d 831 (1973). Our role here is to decide if sufficient evidence supports the trial court’s find *511 ings of fact, and if those findings support the conclusions of law; this is true even if we would have decided the facts differently, would prefer to believe one witness over another, or would prefer a different result. Id. at 740.
¶111 In my view, sufficient evidence supports the trial court’s findings of fact; the findings of fact support its conclusions of law. Generally, the trial court found Ms. Lambert (1) chose to infrequently visit A.L.D., (2) moved frequently, causing inconsistency and instability, (3) was impaired in her ability to parent by mental health problems, (4) willfully and consistently failed to protect A.L.D., (5) disregarded A.L.D.’s welfare by carelessly abandoning A.L.D. with Ms. Cozza and Mr. Hoffman, and (6) endangered A.L.D.’s safety by denying Mr. Favazza’s child molestation conviction. The trial court specified it reconsidered the factual allegations concerning Mr. Favazza that were first considered by Child Protective Services. Because I would affirm, I respectfully dissent.